James F. Lewin (SBN 140268)
Renee M. Parker (SBN 256851)
THE MORTGAGE LAW FIRM, PLC
41689 Enterprise Circle North, Ste. 228
Temecula, CA 92590
Telephone: (619) 465-8200
Facsimile: (951) 308-0055
James.Lewin@mtglawfirm.com
TMLF File No. 130724

Attorneys for Respondent
SETERUS, INC. AS THE AUTHORIZED SUBSERVICER FOR FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), its successors and assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA-OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. 17-40115 |
| MARGARET LUCY GAUTHIER, | Chapter 13 |
| Debtor. | OPPOSITION TO DEBTOR'S MOTION TO VACATE RELIEF FROM STAY ORDER; MEMORANDUM OF POINTS AND AUTHORITIES |
| | Date: September 20, 2017<br>Time: 1:30 p.m.<br>Ctrm: 201<br>Location: 1300 Clay Street, Suite 300<br>Oakland, CA 94612 |
| | Chief Judge: Roger L. Efremsky |
| | Subject Property:<br>14-16 Melvin Avenue<br>Old Orchard Beach, Maine 04064 |

Seterus, Inc. as the authorized subservicer for Federal National Mortgage Association ("Fannie Mae") its successors and assigns ("Respondent") hereby files its Opposition to Debtor Margaret Lucy Gauthier's Motion to Vacate Relief from Stay Order ("Motion to Vacate").

I. **PRELIMINARY STATEMENT**

The present Motion to Vacate by Debtor Margaret Lucy Gauthier ("Debtor") states that it is filed pursuant to Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b) and applicable

decisional law. Respectfully, Debtor has not offered any meritorius evidence or argument which supports reconsideration of the order for in rem relief from the automatic stay entered on August 18, 2017. The Motion to Vacate is nothing more than a series of stated legal conclusions unsupported by any admissible evidence. Although difficult to decipher, the Debtor's arguments regarding purported lack of standing for relief appear to be the same as those previously asserted in the Debtor's opposition to Respondent's Relief Motion, which arguments have already been considered by the Court.

## II.     FACTUAL BACKGROUND

On or about January 17, 2017, Debtor filed the present petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, Oakland Division, as Case No. 17-40115. Debtor has not confirmed a Plan.

Respondent's Motion for In Rem Relief from the Automatic Stay with a supporting Declaration and attached documentary evidence ("Relief Motion") was filed on July 27, 2017. See, Docket ("Doc") # 73.

A hearing on the Relief Motion was noticed for August 16, 2017 at 1:30 p.m. Doc # 74. On July 27, 2017, the Relief Motion and a Notice of Hearing was served by mail on the Debtor. Doc # 75.

On August 4, 2017, Debtor filed and served a detailed brief and declarations in Opposition to the Relief Motion. Doc # 79.

On August 9, 2017, Respondent filed and served a brief in Reply to the Debtor's Opposition. Doc # 82 and Doc # 83.

On August 16, 2017 at 1:30 p.m., a hearing on the Relief Motion was held before the Honorable Charles Novack. The Debtor failed to appear for the hearing. The Court overruled the Debtor's opposition and granted the Relief Motion as prayed for. Doc 08/16/2017.

On August 18, 2017, an Order Granting In Rem Relief from the Automatic Stay was entered by the Court. Doc # 84. On August 21, 2017, Notice of Entry of the Order was served by mail on the Debtor. Doc #85.

Debtor's Motion to Vacate was filed on August 29, 2017.  <u>Doc</u> #97.  On August 31, 2017, Notice of Hearing on the Debtor's Motion to Vacate was served on counsel for Respondent. <u>Doc</u> #101.

In the Motion to Vacate, Debtor states: "Debtor was unable to attend the hearing due to circumstances beyond her control and the Relief was granted by Order of the court."  Motion to Vacate, p. 1, ll. 24-27.

### III. DEBTOR'S MOTION TO VACATE SHOULD BE DENIED

The Debtor's motion is filed pursuant to Bankruptcy Rule 9024 which incorporates Federal Rule of Civil Procedure § 60(b).  In the 9th Circuit, a trial court has discretion to deny a Rule 60(b) motion to vacate a default judgment if (1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default.  *Hammer v. Drago*, 940 F.2d 524, 525-526 (9th Cir. 1991), *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.), cert. denied, 484 U.S. 976, 108 S.Ct. 486, 98 L.Ed.2d 485 (1987). This tripartite test is disjunctive. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). Debtor's Motion to Vacate fails each of the three tests.

#### A. The Debtor's Culpable Conduct

Here, the Debtor was properly served and received proper notice of Respondent's Relief Motion.  The Debtor filed opposition yet without explanation or excuse failed to appear for the hearing.  The Debtor's culpable conduct led to the default.

#### B. The Debtor Has No Meritorius Defense

Under 11 U.S.C. § 362(d), a "party in interest" can request relief from the automatic stay. Section 362(d)(1) authorizes relief from stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." The Code does not define the term "party in interest." Thus, whether a moving party is a "party in interest" under § 362(d) is determined on a case-by-case basis, taking into account both the claimed interest and how that interest is affected by the automatic stay.  *In re Veal*, 450 B.R. 897, 913 (9th Cir. BAP 2011); *Kronemyer v. Am. Contractors Indem. Co*. (*In re Kronemyer*), 405 B.R. 915, 919 (9th Cir. BAP 2009). A "party in interest" can include any party that has a pecuniary interest in the matter, that has a practical stake in

the resolution of the matter, or that is impacted by the automatic stay. *Brown v. Sobczak* (*In re Sobczak*), 369 B.R. 512, 517–18 (9th Cir. BAP 2007).

Proceedings to decide motions for relief from the automatic stay are very limited in scope. Such proceedings "should not involve an adjudication on the merits of claims, defenses, or counterclaims, but simply determine whether the creditor has a colorable claim to the property of the estate." *Biggs v. Stovin* (*In re Lux Int'l, Ltd.*), 219 B.R. 837, 842 (9th Cir.BAP1998) (emphasis added). *See In re Veal*, 450 B.R. at 913 (holding same and citing First *Fed. Bank of Cal. v. Robbins* (*In re Robbins*), *Veal* recognized that a movant has a colorable claim under § 362 if it either: (1) owns or has another form of property interest in a note secured by the debtor's (or the estate's) property; or (2) is a "person entitled to enforce such a note under applicable state law." 450 B.R. at 910. *Veal* further recognized that "the minimum requirements for the initiation of foreclosures under applicable nonbankruptcy law will shape the boundaries of real party interest status under Civil Rule 17 with respect to relief from stay matters. As a consequence, the result in a given case may often depend upon the situs of the real property in question." 450 B.R. at 917 n. 34.

As stated by the Maine Bankruptcy Court in *In re Farr* 2015 WL658783, at *2 (Bankr. D. Maine Feb. 7, 2015):

> However, the Debtor's opposition to the motion focuses on a more fundamental issue: Nationstar's lack of standing to seek relief from stay. The Debtor maintains that the present state of Maine foreclosure law (footnote) empower Nationstar to do little more than record the mortgage, and does not permit Nationstar to "enforce" it. The Debtor may be correct and ultimately Nationstar might not prevail on its state court foreclosure action. However, that is not the issue before me. Nationstar seeks permission to proceed under non-bankruptcy law to enforce whatever remedies it may have to foreclose upon, and seek possession of, the Property. My analysis is not, therefore, whether Nationstar has the standing to proceed with, or prevail in, a foreclosure action, but rather it is a more limited inquiry into Nationstar's standing to seek relief from stay.

A party has such standing if it is a party in interest with a "colorable claim" against property of the estate. William L. Norton, Jr., Norton Bankruptcy Law & Practice § 43.44 (3rd ed. 2015). Nationstar satisfies these requirements. It is axiomatic that as a creditor, Nationstar is a party in interest, and a "facially valid security instrument" is enough to constitute a colorable claim. See, Collier on Bankruptcy P 362.07[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.), In re Jespersen, No. BR 14–26216, 2015 WL 237313, at *1 (Bankr.D.Utah Jan. 16, 2015). By granting the motion, I am not deciding the foreclosure in favor of Nationstar. Relief from stay hearings are merely summary proceedings to ascertain whether the party seeking relief has a colorable claim to estate property, they are not meant to determine "the merits of the underlying substantive claims, defenses, or counterclaims." Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 33–34 (1st Cir.1994). The Debtor retains all of his arguments and objections concerning Nationstar's standing to foreclose the mortgage and can assert them in state court.

On or about June 2, 2006, Debtor executed a promissory note ("Note") made payable to RESIDENTIAL MORTGAGE SERVICES, INC ("Lender") in the original principal amount of $269,000.00. (See Doc # 73 Declaration in Support of Motion for Relief from Automatic Stay ("Declaration"), Exhibit A).

The Note was and is secured by a Mortgage ("Mortgage") recorded against the real property located at 14-16 MELVIN AVE, OLD ORCHARD BEACH, MAINE 04064 ("Property") in the Official Records for York County, Maine, Registry of Deeds, on June 7, 2006, in Book 14860 page 0576-0594. (See Doc #73, Declaration, Exhibit B).

On October 29, 2008, SUNTRUST MORTGAGE, INC., was assigned all right, title, and beneficial interests ("Assignment of Mortgage"). (See Doc # 73, Declaration, Exhibit C).

On or about October 18, 2012, a Corrective Assignment of Mortgage was recorded in the official records of York County, Maine, to amend a missing MERS address and Telephone number. (See Doc #73, Declaration, Exhibit D).

On or about March 15, 2013, SUNTRUST MORTGAGE, INC., initiated foreclosure proceedings against the subject property in the Biddeford District Court, County of York, Maine. The complaint alleged the Debtor was in default for having failed to make monthly payments due July 1, 2008, and all subsequent payments. (See Doc # 73, Declaration, Exhibit E).

On September 13, 2013, SUNTRUST MORTGAGE, INC. issued a Notice of Assignment, Sale or Transfer of Servicing Rights to borrower/Debtor informing the loan would be transferred to Seterus, Inc. ("Seterus") effective October 1, 2013. (See, Doc #73, Declaration Exhibit F.)

On October 22, 2013, an Assignment of Mortgage was recorded in the official records of York County, Maine by which Federal National Mortgage Association was assigned all beneficial interest in the subject mortgage. (See, Doc #73 Declaration, Exhibit G.)

Based upon the foregoing, Respondent is a party in interest that holds a facially valid security instrument that encumbers the Property and therefore, a colorable claim against the Property under 11 U.S.C. § 362. Debtor may assert any arguments as to lack of standing to foreclose in the Maine state court. Therefore, based upon the foregoing and all the unopposed reasons stated in Respondent's Relief Motion, relief from the automatic stay was appropriately granted.

### C. Respondent Will Be Prejudiced If The In Rem Relief Order Is Vacated

The totality of the circumstances demonstrates that within the context of the bankruptcy system, the Debtor is acting in bad faith. Debtor has not made a payment on the subject loan since July 1, 2008. Since July 1, 2008, Debtor filed six (6) bankruptcies to delay foreclosure proceedings. Debtor continues to assume the Chapter 7 discharge order received in January 2012 bars Respondent from collecting or enforcing its lien on the subject property. Debtor has appealed this issue to the United States District Court which denied the Debtor's request. Debtor filed the present Bankruptcy Case once again to attempt to forestall Respondent. Debtor's timing of bankruptcy filings near foreclosure coupled with the sheer number of filings clearly establishes a scheme by Debtor to improperly use the bankruptcy system to delay Respondent's foreclosure through multiple bankruptcy filings and litigation. Thus, Respondent respectfully requests that this Court deny the

Debtor's Motion as the current case is being improperly used solely to attempt to prohibit Respondent from regaining possession of the Property in an egregious pattern of conduct that is malfeasance and systemic abuse of the bankruptcy system.

**IV.     CONCLUSION**

For the foregoing reasons, the order terminating the automatic stay including in rem relief pursuant to 11 U.S.C. § 362(d)(4) was appropriately granted. Debtor's present Motion to Vacate and request that "sanctions be entered against FNMA and any other responsible party pursuant to Bankruptcy Rule 9011" should be unequivocally denied.

Respectfully submitted,

DATED:   September 6, 2017           THE MORTGAGE LAW FIRM, PLC


BY: /s/ James F. Lewin
    JAMES F. LEWIN
    Attorneys for Respondent

7
Case: 17-40115    Doc# 104    Filed: 09/06/17    Entered: 09/06/17 13:20:50    Page 7 of 7
OPPOSITION TO DEBTOR'S MOTION TO VACATE RELIEF FROM STAY ORDER