TIMOTHY J. SILVERMAN #145264
SCHEER LAW GROUP, LLP
26522 La Alameda, Suite 205
Mission Viejo, CA 92691
Telephone: (949) 263-8757
Facsimile: (949) 209-3320

Attorneys for Objecting Creditor
WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a
CHRISTIANA TRUST, not individually but as Trustee for
VENTURES TRUST 2013-I-H-R, a Delaware Trust, its successors
and/or assignees, by FAY SERVICING, LLC, its servicing agent

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re: | Bk. No. 17-40115 |
| MARGARET LUCY GAUTHIER, | Chapter 13 |
| Debtor | **OBJECTION TO CONFIRMATION OF FIFTH AMENDED CHAPTER 13 PLAN** |
| | Hearing- Confirmation Hearing<br>Date:<br>Time: 1:00 p.m.<br>Place: 201 |

WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, not individually but as Trustee for VENTURES TRUST 2013-I-H-R, a Delaware Trust, its successors and/or assigns, by FAY SERVICING, LLC, its servicing agent ("Lender" or "Secured Creditor"), respectfully submits the following Objection to the Confirmation of the proposed Fifth Amended Chapter 13 Plan of the Debtor MARGARET LUCY GAUTHIER ("Debtor").

    1.    On January 17, 2017, the Debtor filed a voluntary Chapter 13 bankruptcy case.

    2.    On or about April 13, 2005, the Debtor, MARGARET LUCY GAUTHIER ("Debtor") executed a written Note ("Note"), in favor of Lender. The Debtor promised to pay the principal sum of $440,500.00 with interest, commencing on June 1, 2005, and continuing

until paid in full. A true and correct copy of the Note is attached hereto as Exhibit "1" and incorporated herein by reference.

3. To secure repayment of Note, Debtor granted to Lender a beneficial interest under a first priority Deed of Trust encumbering residential real property located at 5862 Oleander Drive, Newark, CA 94560 (the "property"). The Deed of Trust was recorded in the Official Records of Alameda County, California. A true and correct copy of the Deed of Trust is attached hereto as Exhibit "2" and incorporated herein by reference.

4. On or after June 1, 2005, all right and interest in the Note and Deed of Trust was assigned to Lender. A true and correct copy of the Assignments is attached hereto as Exhibit "3" and incorporated herein by reference.

5. A Proof of Claim attaching all relevant loan documents was filed on July 19, 2017. An Amended Proof of Claim was filed on September 25, 2017. A true and correct copy of the conformed Amended Proof of Claim filed on September 25, 2017 is attached hereto as Exhibit "4" and incorporated herein by reference.

6. Prior to the bankruptcy filing, Debtor defaulted upon the terms of the Note and Deed of Trust by failing to make the payment due on that date. Pre-petition arrears total $248,936.55 representing the delinquent payments, and other fees and costs. The first post-petition payment is due on February 1, 2017 in the amount of $2,244.82, including escrow of $0.00. No post-petition payments have been made by the Debtor.

7. On or about January 17, 2017, the Debtor filed this bankruptcy case. The Fifth Amended Chapter 13 Plan dated September 29, 2017, is objectionable for the reasons stated below.

8. Pursuant to the filed Amended Proof of Claim, the estimated total amount due and owing to Lender as of the date of the bankruptcy filing is $647,233.17, including accrued interest, escrow advances, fees and other costs recoverable under the terms of the Note.

9. There is no loan modification currently in progress.

OBJECTIONS

10. <u>No Treatment of Arrears</u>: The Debtor's proposed 5th Amended Chapter 13 Plan provides that no treatment of Lender's pre-petition arrearages in the amount of $248,936.55. Not only that, but the Debtor has repeatedly stated on the record that she has no intent to provide for Lender's arrearage.

11. <u>Feasibility:</u> The amount of pre-petition arrearages that must be paid to Lender is $248,936.55. Because of the enormous amount of pre-petition arrears, Lender is confident that the Debtor has absolutely no financial ability to make the increased payments necessary to pay these arrears as well as other budget expenses including taxes and insurance. The Debtor has not demonstrated that financial ability.

12. <u>Bad Faith:</u> The Debtor has stated that she does not recognize her lenders secured by real property, for a variety of reasons none of which have any merit. She has indicated that she wants to keep ownership of the real property, presumably for free, and possibly pay only the taxes and insurance, which are still impounded by the lenders. Because her arguments have no merit, she is a serial filer, and she is not seeking to confirm a Chapter 13 Plan to pay her creditors, this case was filed in bad faith. In fact, when the Court indicated that the Debtor's disputes should be litigated in state court, the Debtor stated that she believed that it was easier to litigate in bankruptcy court.

Unfortunately, it is blatantly clear from the 5th Amended Plan that this case does not belong in bankruptcy court. It appears that she simply wants to maintain an open bankruptcy case, pay no creditors (she says she has no creditors), and litigate her lenders' proofs of claims. This is a misguided purpose and demonstrates the Debtor's bad faith.

///

///

WHEREFORE, Lender respectfully requests for relief as follows:

1. That confirmation of the Debtor's proposed 5th Amended Chapter 13 Plan be denied; and,

2. That the case be dismissed.

DATED: October 2, 2017             SCHEER LAW GROUP, LLP


<u>/s/ TIMOTHY J. SILVERMAN</u>
Attorneys for Objecting Creditor